101 F.3d 715
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
George B. EDMONDS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3310.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1996.
 
 Before LOURIE, CLEVENGER, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 George B. Edmonds petitions for review of the June 12, 1996 final decision of the Merit Systems Protection Board, Docket No. PH0752940489B-1, denying his petition for enforcement of his last-chance settlement agreement (LCA) with the United States Postal Service ("the agency"). Because the board did not err in finding that the agency complied with the LCA and that Edmonds did not comply with it, we affirm.
 
 DISCUSSION
 
 2
 On May 28, 1994, the agency removed Edmonds for failure to comply with its attendance requirements, and he appealed to the board. Before the board reached a decision, Edmonds and the agency entered into an LCA, which was entered into the record and stated in relevant part:
 
 
 3
 2. [Edmonds] recognizes and agrees that he shall be in a probationary status [for approximately six months]. Such probationary status shall be applicable to [Edmonds] solely for the purpose of insuring his compliance with the Agency's attendance requirements. During said probationary period [Edmonds] may not be absent without leave [AWOL]. Any medical absence for whatever reason must be supported by written documentation from a physician stating the diagnosis, prognosis and a statement that [Edmonds] was sufficiently incapacitated to preclude his reporting for or remaining on duty.
 
 
 4
 All absences other than emergency absences must be requested and approved in advance as stated in the Agency's leave regulations which require at least one (1) hour notice before the tour begins where possible. The Agency agrees that it shall inform [Edmonds] immediately upon any alleged violation of this paragraph by [Edmonds] and [he] shall have 24 hours to remedy the alleged violation prior to further agency action.
 
 
 5
 3. Subject to the preceding paragraph, should [Edmonds] be absent without leave during the probationary period, the Agency may elect to unilaterally terminate the employment of [Edmonds] and the employment of [Edmonds] shall be so terminated without recourse.
 
 
 6
 ...
 
 
 7
 5. The Agency recognizes and agrees that [Edmonds] suffers from a medical condition as a result of Agency employment which condition totally impairs [Edmonds'] ability to perform in his job description of Parcel Post Distribution Machine Clerk and has required that [he] be placed in a 'light/medium duty' work classification consisting of no repetitive upper extremity tasks. The Agency further recognizes and agrees that the severity of this medical condition has, and may, from time to time preclude [Edmonds] from being able to carry out his assigned duties and to require medical absences. The Agency agrees that it will not withhold approval for medical absences for [Edmonds] provided, however, that [Edmonds] must adhere to the provisions of Paragraph 2 hereto.
 
 
 8
 6. The Agency agrees that [Edmonds'] execution of this Agreement shall not effect [sic] his right to seek a craft change....
 
 
 9
 7. The Agency shall continue to use its best efforts to identify light duty assignments for [Edmonds] and to allow [Edmonds] to review the scope of any light duty assignment with his physician to insure that such assignment is within the parameters of his medical capacity.
 
 
 10
 Several months later, Edmonds accepted a limited duty assignment requiring regular work hours from 5:30 p.m. to 4:00 a.m. He left work one day at 8:30 p.m. and did not return until 9:30 p.m. two days later. After being charged with being AWOL, Edmonds submitted explanatory documents, but these were not supplied in a timely manner and offered no excuse for his failure to report to work on the latter two days. Less than a month later, Edmonds was AWOL for two consecutive days. The documents he submitted explaining these absences as caused by his physical condition were not supplied in a timely manner and contained no diagnoses or prognoses, as required by the LCA. Soon thereafter, Edmonds received a Notice of Removal for failure to comply with the terms of the LCA. He filed a petition for enforcement with the board, asserting that he complied with the LCA and that the agency failed to comply because it arbitrarily rejected his explanatory documents and assigned him inappropriately difficult work.
 
 
 11
 In an initial decision,[1] an administrative judge (AJ) concluded that the agency had complied with the LCA, finding that it had followed the procedures outlined in the LCA and, contrary to Edmonds' assertions, the LCA contained no provisions mandating that the agency alter his work assignment as a result of his medical condition. Furthermore, the AJ found that because Edmonds "failed to comply with the procedures contained in the LCA, both in reporting his absences and in subsequently justifying them," he had violated the LCA and was properly removed. When the full board denied Edmonds' petition for review, the AJ's decision became final. Edmonds now petitions for review by this court.
 
 
 12
 We may reverse a decision of the board only if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 13
 Edmonds first argues that the agency failed to abide by what he alleges to be the LCA's requirement that he be placed in light or medium duty work. He also argues that the full board improperly denied his petition for review by failing to consider a "new and material" Department of Labor (DOL) finding. As to the first point, Edmonds argues that the DOL finding that the limited duty assignment exceeded his physical limitations indicates that the agency breached the LCA. As to the second, he argues that because DOL found that he was eligible to receive Workers' Compensation benefits as a result of his medical condition, his removal was improper under Parkinson v. United States Postal Serv., 55 M.S.P.R. 552, 554 (1994), as based upon AWOL charges arising out of a work-related injury for which he was entitled to Workers' Compensation benefits. He does not contest the AJ's findings that he was AWOL during the latter absences and that he failed to explain all of his absences in a timely manner as required by the LCA.
 
 
 14
 We agree with the agency that Edmonds' arguments are without merit and, accordingly, find no error in the board's decision. First, Edmonds mischaracterizes the LCA. In paragraph 5 of the LCA, the agency indicated that Edmonds' medical condition "has required that [he] be placed in a 'light/medium duty' work classification," but it made no representation as to a future obligation, as would have been indicated by the verbs "will" and "shall," which were used throughout the remainder of the LCA. Furthermore, in paragraphs 6 and 7, the agency agreed to maintain Edmonds' "right to seek a craft change" and "to use its best efforts to identify light duty assignments," duties inconsistent with an obligation to assign Edmonds to light or medium duty work. Thus, under the LCA, the agency did not agree to place Edmonds in light or medium duty work. Moreover, Edmonds cannot assert that the agency breached the LCA based upon his voluntary act of accepting the limited duty assignment. Because the record reflects that the agency fulfilled all of its duties under the agreement, substantial evidence supports the board's finding that the agency complied with the LCA.
 
 
 15
 Second, because the DOL finding was part of the official record, the full board had an opportunity to consider it and, nonetheless, denied Edmonds' petition for review. Edmonds has failed to demonstrate error in that denial, because he has not shown the DOL finding to be "material." See 5 C.F.R. § 1201.115 (1996). The fact that the DOL found him eligible to receive Workers' Compensation benefits as a result of his medical condition is not relevant to his appeal, nor is the board's decision in Parkinson, because his removal was based upon his failure to comply with the LCA, not upon his bare absence due to work-related injuries. Moreover, in paragraph 3 of the LCA, Edmonds waived his right to contest a removal based upon his failure to comply with the LCA. See Stewart v. United States Postal Serv., 926 F.2d 1146, 1148 (Fed.Cir.1991).
 
 
 16
 Accordingly, the board did not err in determining that the agency complied with the terms of the LCA, that Edmonds did not comply, and that he was properly terminated. The full board did not err in denying Edmonds' petition for review. We therefore affirm.
 
 
 
 [1]
 The AJ made these findings in a March 21, 1996 decision after the full board vacated and remanded the case because he had failed to advise the parties of their respective burdens of proof and of evidence required to meet those burdens